IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **MILADY R. PETERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-00489-CV-W-GAF |
| | ) |
| **FINANCIAL RECOVERY SERVICES, INC.,** | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Defendant Financial Recovery Services, Inc.'s ("Defendant") Motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 21). Plaintiff Milady R. Peters ("Plaintiff") opposes. (Doc. # 24). For the reasons set forth below, Defendant's Motion is GRANTED.

## DISCUSSION

### I. FACTS

Plaintiff was a debtor of GE Electric Capital Corp ("GE") who, according to Plaintiff, owed GE $400 at the time GE charged-off her debt. (First Amended Complaint ¶¶ 3, 7). LVNV Funding LLC ("LVNV") purchased Plaintiff's debt from GE. (*Id*. ¶ 6). Defendant is a debt collection agency who attempted to collect Plaintiff's debt on behalf of LVNV. (*Id*. ¶¶ 4, 6). When attempting to collect the debt, Defendant claimed Plaintiff owed $403.24 in principal and $486.92 in interest. (*Id*. ¶ 8). Plaintiff alleges that Defendant charged the $486.92 in interest after GE had charged-off the debt. (*Id*. ¶ 10). After GE charged-off the debt, GE stopped sending billing statements to Plaintiff. (*Id.* ¶ 20).

1

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A Rule 12(b)(6) motion should be granted only if the non-moving party fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the party to the relief requested. *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Plaintiff asserts that a creditor must send periodic billing statements to its debtor under 15 U.S.C. § 1637(b) unless the creditor has charged-off the debt and will not charge any additional fees or interest on the account. (First Amended Complaint ¶¶ 12, 15, 16). Plaintiff further asserts that since GE stopped sending billing statements, it was precluded from and had waived its ability to charge additional interest or fees on the account. (*Id.* ¶¶ 22, 24). According to Plaintiff, because Defendant was "in the same shoes as GE" there was no legal basis for Defendant to charge interest on Plaintiff's account. (*Id.* ¶¶ 25, 28). As a result, Plaintiff argues Defendant's attempt to collect the $486.92 in interest was a violation of 15 U.S.C. § 1692k. (*Id.* ¶ 29). This statute provides for civil liability when a debt collector attempts to collect an amount that is not expressly authorized by the agreement creating the debt or authorized by law. 15

U.S.C. § 1692f, k. Thus, for Plaintiff's claim to survive, it must be plausible on the face of Plaintiff's First Amended Complaint that Defendant attempted to collect an unauthorized amount.

Defendant argues there are three bases for dismissing Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6): (1) there is no proof that the debt includes post charge-off interest; (2) LVNV had the right to charge interest when it acquired the debt; and (3) charging-off an account does not prevent the accrual of interest at the statutory rate.[1] (Doc. # 22, p. 3).

Defendant's first basis is a factual issue, and thus without merit. As noted above, "[w]hen considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true." *Westcott*, 901 F.2d at 1488. The appropriate place to resolve such a factual question is not in a Rule 12(b)(6) motion to dismiss. Thus, at this point, the Court must treat the facts alleged in Plaintiff's First Amended Complaint as true and assume that the debt includes post charge-off interest.

Defendant's next basis is that LVNV stepped into the shoes of GE and thus had the same rights as GE to charge interest to Plaintiff. (Doc. # 22, p. 3). Defendant is correct that when a contract is assigned, the assignee has the same rights and duties under the contract as the assignor. *See Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 924 (8th Cir. 2000). Thus, if GE had the right to charge Plaintiff interest after the debt was charged-off, LVNV had that right as well. However, this basis alone is insufficient to warrant dismissal. For Defendant's motion to

---

[1] In its Reply Brief, Defendant additionally alleges that Plaintiff's claim should be dismissed because Plaintiff waived her claim by not challenging the interest under the dispute procedures of the Fair Debt Collection Practices Act and because GE did not waive its ability to collect contractual interest. (Doc. # 25, pp. 4-5, 9). These arguments will not be considered because "'[i]t is well settled that we do not consider arguments raised for the first time in a reply brief.'" *Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007) (alteration in original) (quoting *Navarijo-Barrios v. Ashcroft*, 322 F.3d 561, 564 n.1 (8th Cir. 2003)).

3

be granted, it must not only be shown that LVNV had the same rights as GE but also that GE had the right to charge post charge-off interest.

Defendant's final basis for dismissal is that even if GE waived the right to contractual interest, it retained the right to charge Plaintiff statutory interest post charge-off. (Doc. # 22, pp. 3-4). Missouri law provides for a statutory interest rate of nine percent per year when no other rate is agreed upon. Mo. Rev. Stat. § 408.020. Courts have held that creditors are entitled to charge post charge-off interest at a state's statutory interest rate even if interest was waived at the contractual rate. *See Grochowski v. Daniel N. Gordon, P.C.*, No. C13-343 TSZ, 2014 WL 1516586, at *3 (W.D. Wash. Apr. 17, 2014) (holding that a charge-off does not operate to waive interest at the state statutory rate); *Stratton v. Portfolio Recovery Associates, LLC*, Civil Action No. 5:13-147-DCR, 2013 WL 6191804, at *4 (E.D. Ky. Nov. 26, 2013) ("[The defendant]'s request for statutory prejudgment interest . . . from the date that [the plaintiff]'s account was charged-off was not improper.").

Plaintiff's argues that Defendant was prohibited from charging interest at the statutory rate because Truth in Lending Act ("TILA") forbids charging *any* post charge-off interest. (Doc. # 24, p. 6). Even assuming that TILA does prevent post charge-off interest at both the statutory and the contractual rate, TILA does not apply in this situation. Defendant, a debt collector, charged the post charge-off interest. (First Amended Complaint ¶¶ 4, 10). However, TILA only applies to "creditors" which refers only to: "a person who both (1) regularly extends . . . consumer credit . . . and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable. . . ." 15 U.S.C. § 1602(g). Thus, Defendant does not fit within that definition and is not subject to TILA because Defendant is a debt collector and not the person to whom the debt was originally payable. *See also Kellar v. Fin. Recovery Servs., Inc.*,

4

1:12-CV-097, 2014 WL 129239, at *5 (D.N.D. Jan. 9, 2014) (finding that TILA's requirements did not apply to debt collectors and therefore could not be the basis of a claim); *Lee v. Northland Grp.*, No. 02 C 6083, 2003 WL 25765398, at *1 (N.D. Ill. Apr. 24, 2003) (dismissing the plaintiff's claim against the defendant because the claim was based on a TILA violation and the defendant was not a creditor within the meaning of 15 U.S.C. § 1602(g)). Thus, if the interest was charged by Defendant at the statutory rate Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

Plaintiff's Complaint does not specify whether the interest charged was at the statutory or at the contractual rate. (*See generally* First Amended Complaint). As noted above, it is Plaintiff's responsibility to plead facts sufficient to state a claim "that is plausible on its face" and would entitle her to the relief requested. *See Twombly*, 550 U.S. at 570. Moreover, to survive a motion to dismiss, Plaintiff must have adequately asserted facts to support her claim. *See Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). Plaintiff has not adequately asserted facts to support her claim because she has not specified that the type of interest charged was at the contractual rate. Thus, Plaintiff has failed to state a claim for relied upon which relief may be granted and her claim must be dismissed.

## **CONCLUSION**

When a creditor charges-off an account this does not prevent the accrual of interest at the state statutory rate. Thus, even if the right to charge interest at the contractual rate was waived by GE's failure to continue to send post charge-off billing statements, statutory interest could still be charged. However, Plaintiff's First Amended Complaint fails to specify whether the interest charged was at the statutory or contractual rate. Therefore, Plaintiff fails to plead facts sufficient to state a claim on its face. Accordingly, for these reasons and the reasons set forth

above, Defendant's Motion is GRANTED.

**IT IS SO ORDERED.**

                                                  s/ Gary A. Fenner
                                                  Gary A. Fenner, Judge
                                                  United States District Court

DATED: September 18, 2014

.

6

Case 4:14-cv-00489-GAF   Document 27   Filed 09/18/14   Page 6 of 6